607 S.E.2d 510

**Barbara SPRADLING, et al., Plaintiffs Below, Appellants,**

v.

**WEST VIRGINIA BUREAU OF EMPLOYMENT PROGRAMS, Workers' Compensation Commission, Defendant Below, Appellee.**

No. 31682.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 15, 2004.

Decided Dec. 3, 2004.

Belinda S. Morton, Esq., Fayetteville, for Appellants.

David Fryson, Esq., Workers' Compensation Division, Bureau of Employment Programs, Charleston, for Appellee.

PER CURIAM:

In this appeal from the Circuit Court of Kanawha County, the appellants—Barbara Spradling, Beverly Dean–Bowles, Edmonia P. Woodson, and Donna Curry—appeal from a final order affirming a decision by the West Virginia Education and State Employees Grievance Board.

We affirm the circuit court's order.

### I.

In January of 1999, the appellee, the Workers Compensation Division of the Bureau of Employment Programs (hereinafter "the Division"),[1] contracted with a management consulting firm, Berkley Risk Administrators Corporation, LLC (hereinafter "Berkley"), to assist the Division in restructuring its claims handling processes. As part of its services, Berkley trained the Division's employees to work under the restructured system. Several Berkley employees worked

---

**1.** Effective July 1, 2003, the Division was reorganized and reconstituted by the Legislature as the Workers' Compensation Commission. *See W.Va. Code,* 23–1–1(c) [2003].

on-site at the Division's offices in Charleston, West Virginia.

In late June or early July of 1999, the Executive Director of the Division determined that he needed to temporarily upgrade the classification of five employees to the classification of district manager, so as to better supervise existing employees. The temporary classification upgrades gave the Director an opportunity to observe how well employees performed in supervisory positions and to generally identify leaders among Division employees.

The Director invited claims staff employees to apply for the temporary classification upgrades. Approximately twenty-five employees, including the four appellants, submitted the required applications and written letters of interest for the temporary classification upgrades. A Berkley employee, who worked on the same floor as most of the Division's claim staff, collected the applications and letters of interest. The applications and letters of interest were then screened to decide which applicants met the minimum qualifications for the temporary classification upgrades. After this initial screening, the Division asked the remaining applicants to write a second letter of interest.

To make a final selection, the Director assembled two teams of interviewers, using in-house employees. After an initial round of interviews with the first team, the second team interviewed the remaining applicants. Both teams gave their recommendations to the Director. With the Director's authorization, a Berkley employee also reviewed the applications and offered suggestions as to the applicants' strengths and weaknesses.

In reaching his final decision regarding which employees would receive the temporary classification upgrade, the Director considered the interview teams' recommendations and the suggestions of the Berkley employee. The Director also considered the applicants' writing samples, work history, and references. Ultimately, the Director selected five employees to receive temporary classification upgrades. None of the appellants received a temporary classification upgrade.[2]

On October 15, 1999, the appellants filed a grievance against the appellee pursuant to the *Grievance Procedure for State Employees,* as codified in *W.Va.Code,* 29–6A–1 to –12 [1988]. The appellants alleged that the appellee had failed to follow the correct procedures in selecting employees for the temporary classification upgrades; that Berkley employees improperly interfered in the selection process; and that the appellee violated the appellants' privacy by allowing non-State employees to review the appellants' employment files.

The *Grievance Procedure for State Employees* provides for four levels of review. At level one and level two, the evaluators denied the appellants' grievance. A grievance evaluator conducted a level three hearing, and on June 21, 2001, the grievance evaluator denied the appellants' grievance. The appellants then grieved the matter to the fourth level, the West Virginia Education and State Employees Grievance Board ("the Grievance Board").

The Grievance Board conducted a hearing on August 16, 2002, and on October 15, 2002, issued a decision denying the appellants' grievance.

In its decision, the Grievance Board found that the Division had not violated any rules or policies. The Grievance Board also found that Berkley employees had no managerial authority and did not improperly influence the decision-making process.[3]

The appellants then appealed the Grievance Board's decision denying relief to the circuit court. In April of 2003, the circuit court entered a final order affirming the Grievance Board's decision.[4]

---

2. All of the selected employees were qualified for the temporary classification upgrade. The appellants do not allege that they are more qualified than those employees selected.

3. The Grievance Board further found that the Director had the authority to authorize a Berkley employee to review the applications as part of the consulting services that Berkley provided.

4. The appellants also claim that an essential witness had failed to appear at the level four hearing. During the hearing in circuit court, the

The appellants now appeal from the circuit court's April 2003 order; they claim that the decisions of the Grievance Board and lower court were erroneous.

## II.

 In Syllabus Point 1 of *Cahill v. Mercer County Board of Education,* 208 W.Va. 177, 539 S.E.2d 437 (2000), this Court stated that:

Grievance rulings involve a combination of both deferential and plenary review. Since a reviewing court is obligated to give deference to factual findings rendered by an administrative law judge, a circuit court is not permitted to substitute its judgment for that of the hearing examiner with regard to factual determinations. Credibility determinations made by an administrative law judge are similarly entitled to deference. Plenary review is conducted as to the conclusions of law and application of law to the facts, which are reviewed de novo.

In sum, this Court gives deference to a lower tribunal's factual findings and credibility rulings in Grievance Board matters; however, we review *de novo* the application of law to the facts. *Martin v. Randolph County Board of Education,* 195 W.Va. 297, 304, 465 S.E.2d 399, 406 (1995).

The legislature created the four-level grievance process to provide "a procedure for the equitable and consistent resolution of employment grievances." *W.Va.Code,* 29–6A–1 [1988]. The West Virginia Education and State Employees Grievance Board hears grievances at the fourth level of review, *W.Va.Code,* 29–6A–4 [1988], and a party may appeal the findings of the Grievance Board to circuit court. *W.Va.Code,* 29–6A–7 [1987].

Circuit courts should uphold the findings of the Grievance Board unless a Grievance Board's finding:

(1) Is contrary to law or a lawfully adopted rule or written policy of the employer;

(2) Exceeds the hearing examiner's statutory authority;

(3) Is the result of fraud or deceit;

(4) Is clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or

(5) Is arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*W.Va.Code,* 29–6A–7(b) [1998].

The appellants argue that the circuit court erred in adopting the Grievance Board's decision to deny their grievances. In support of their position, the appellants argue that the Division failed to follow the Bureau of Employment Programs' Policy 6000.10(F) [1994]. The policy describes the steps that the Division must take to fill a job vacancy. These steps include posting of job announcements, interviewing of applicants, and the screening of applicants by the Department of Administration's Division of Personnel.

The Grievance Board found that Policy 6000.10(F) did not apply, because Policy 6000.10(F) dealt with the procedure used by the Division when hiring for "vacant positions"—as opposed to temporary classification upgrades.

 Because the Division did not have its own temporary classification upgrade policy, the Grievance Board found that another regulation, West Virginia Division of Personnel Administrative Rule 4.8, governed the process. The Grievance Board concluded that Rule 4.8 does not require a specific procedure for selecting employees to receive temporary classification upgrades.[5] The Executive Director, as the "appointing authority," had the managerial discretion to select which employees' classifications to temporarily upgrade and which process, if any, to use. We agree with this conclusion by the Board.

---

appellants admitted that this essential witness had not been served with a subpoena.

**5.** Administrative Rule 4.8 of the West Virginia Division of Personnel [1994] states:

[t]emporary classification upgrades will be approved by the Director of Personnel on dem-

onstration by the requesting appointing authority that all other management options have been duly considered, and determined to be ineffective, in addressing the agency's need . . . [.]

■ The Grievance Board made specific factual findings describing the interactions between the appellee and Berkley employees, and the appellee and the appellants. The Grievance Board found that Berkley employees did not exercise any undue influence or otherwise supplant the authority of the Executive Director during the interview process. We find this conclusion supported by the record.

The Board found that the Director used a tiered interview process to eliminate applicants at different stages of the proceedings, and that this process was within the Director's discretion. We agree.

Therefore, the circuit court, after reviewing the record created during the grievance process, correctly found that the Grievance Board reached its decision in accordance with *W.Va.Code*, 29–6A–6 [1988].

### III.

We affirm the circuit court's order upholding the West Virginia Education and State Employees Grievance Board's decision.

Affirmed.